IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA

v.                                          Criminal Action No. 5:21CR00015-001

ABDALLAH AMER ALI

**SENTENCING MEMORANDUM**

Comes now the defendant, Abdallah Amer Ali (hereinafter 'Ali'), by counsel, pursuant to this Court's Order, to submit this Sentencing Memorandum to assist the Court in determining a sentence that is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). As detailed below, following the conclusion of Ali's sentencing hearing, counsel for Ali will ask the District Court to sentence him to a period of incarceration not to exceed 144 months, to recommend that Ali be allowed to participate in established drug treatment programs within the Bureau of Prisons, and that the defendant be allowed to receive credit for the 18-month Virginia state sentence served by defendant on the related state charge detailed in paragraph 35 of Ali's Presentence Investigation Report.

Introduction and Procedural History

On September 22, 2021, Abdallah Amer Ali was named in a one-count Indictment in the Western District of Virginia, Harrisonburg Division. The Indictment charged Ali with knowingly and intentionally distributing a measurable quantity of a mixture or

1

substance containing fentanyl, a Schedule II controlled substance, the use of which resulted in serious bodily injury and death, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

On June 2, 2022, Ali pled guilty to a lesser included offense of Count One of the Indictment pursuant to a written Rule 11(c)(1)(C) plea agreement. In relevant part of the agreement for sentencing, the government and Ali agreed that a range of 144 to 180 months incarceration is a reasonable sentence considering all the facts and circumstances of this case. The Court accepted Ali's plea of guilty and took the plea agreement under advisement while ordering the completion and consideration of a presentence report. Sentencing in this matter is set for November 8, 2022, at 1:00 p.m.

Sentencing Authorities

In determining the appropriate sentence for each individual defendant, it is the duty of the District Court to ensure that the sentence imposed is tailored to the individual person coming before the Court. "Punishment should fit the offender and not merely the crime. The belief no longer prevails that every offense in a like category calls for an individual punishment without regard to the past life and habits of a particular offender." Williams v. New York, 337 U.S. 241, 247 (1949); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (citing Gall v. United States, 522 U.S. 38 (2007) ("When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'"). Following the watershed decision of United States v. Booker, 543 U.S. 220 (2005), the district courts have the discretion and authority to sentence a defendant within the relevant statutory range, regardless of whether the sentence falls within a mechanistic guideline range.

Still, the Federal Sentencing Guidelines remain ". . . the starting point and the initial benchmark" for the District Court's sentencing decision. Gall v. United States, 522 U.S. 38, 49 (2007). In the current case, Ali's plea agreement sets a sentencing range of 144 to 180 months.

Consideration of 18 U.S.C. § 3553(a) Factors

    A.    Nature and Circumstances of the Offense and History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))

The Defendant

Abdallah Amer Ali was born on November 11, 2000, in Baghdad, Iraq. He moved with his family to the United States on August 29, 2008. Ali became an American citizen in 2016. Ali's parents, Akran Amer and Muntaha Laeih, have seven children and live in Harrisonburg, Virginia. Most of Ali's siblings also reside in and around the Harrisonburg/Rockingham County area. Ali attended public schools in the United States and graduated from Harrisonburg High School in 2018. Following his graduation, Ali worked parttime at Walmart from March 1, 2019 to September 30, 2019, and then fulltime at Cargill in Harrisonburg, Virginia from October 1, 2019, to January 1, 2020.

Unfortunately, on July 14, 2019, Ali suffered a severe injury when he was shot in the face when robbed during a sale of marijuana. During the treatment for his severe facial injuries, Ali was prescribed Percocet for pain management, and he became addicted to the drug. When he could no longer obtain the opioid from his health care providers, Ali began to purchase narcotics (to include actual Percocet, heroin, and pressed-fentanyl pills) on the

'streets' to support his addiction. It is that addiction and Ali's efforts to feed that addiction which led to the current charges.

During his current incarceration, Ali has embraced his new sobriety and has indicated a dedication to continuing that sobriety when released. However, he understands and has repeatedly expressed his understanding that defeating his past opioid addiction is not an easy or immediate process. Therefore, Ali asks that the District Court's sentence include a recommendation that Ali be permitted to participate in all substance abuse programs that may be available to him during his incarceration within the federal Bureau of Prisons.

Ali's prior juvenile and adult criminal history is detailed in paragraphs 27-42 of the Presentence Investigation Report.

The Offense

In or around the fall of 2019 and continuing into early 2020, Ali , to pay for his own ongoing opioid addiction, was selling 'pressed' pills which he referred to as Percs/Percocets but which were in fact pressed-fentanyl pills. Ali obtained these pills in small quantities from his source and sold them to friends and others to afford the pills he used to address his own addiction. On October 22, 2019, Ali sold a pressed-Perc to his friend-of-several-years A.R. (the two had traded and/or sold each other various drugs over a several years period). On October 23, 2019, A.R. died from a fentanyl overdose. Thereafter, law enforcement began to investigate Ali and arrested him following a series of seven controlled pressed-fentanyl purchases between January and April 2020. Ali was originally charged with these offenses in Virginia state courts and on September 27, 2021, entered into an agreed disposition which included 18 months of active incarceration in the state

system. While held during the pendency of these current proceedings, Ali completed service of that 18 months sentence of active incarceration.

      B.      Just Punishment (18 U.S.C. § 3553(a)(2)(A))

A 'just' punishment or sentence, as defined by Congress, is a sentence that is "sufficient, but not greater than necessary" to comport with the factors found in 18 U.S.C. § 3553. As detailed above, Abdallah Amer Ali's individual characteristics and situation make him a worthy person for the District Court's mercy and future trust. Ali's participation in the distribution of pressed-fentanyl pills was undertaken with the aim of obtaining monies to obtain narcotics for his personal use and to feed his personal drug addiction. Also, Ali's opioid addiction began due to and following his permitted and necessary use of opioid pain medications following a severe injury incurred when Ali was shot in the face during a robbery. Importantly, Ali has now committed to reaching and maintaining personal sobriety, to beating the opioid addiction that plagued him. Based on the individual circumstances noted above, Abdallah Amer Ali and counsel suggest that a sentence not to exceed 144 months (and to include participation in established federal drug treatment programs within the Bureau of Prisons) would constitute a 'just' punishment for this individual defendant.

      C.      Adequate Deterrence (18 U.S.C. § 3553(a)(2)(B))

Ali's felony conviction and lengthy sentence (even at the agreed low end of 144 months) demonstrate the importance of viewing 'deterrence' broadly. Future actors will be deterred from engaging in similar criminal activity by seeing that the United States possesses the investigative and prosecutorial capabilities to prosecute regional, multi-

national and multi-federal-district offenses across jurisdictional lines. An appropriate, merciful sentence imposed on Ali will demonstrate to those who are similarly situated the benefits that result from choosing to plead guilty and accept responsibility for their criminal activities. In these circumstances, a sentence not to exceed 144 months (to include participation in established federal drug treatment programs within the Bureau of Prisons) would further the cause of adequate deterrence.

      D.      Protection of the Public from Further Crimes (18 U.S.C. § 3553(a)(2)(C)

Ali's ongoing substance abuse recovery and continued success will constitute the most relevant and important aspect of protecting the public from any further crimes by Abdallah Amer Ali. His addiction and the efforts to feed that addiction, were the roots of Ali's involvement with this pressed-fentanyl distribution network within the Western District of Virginia. A sentence of no more than 144 months to include participation in established federal drug treatment programs within the Bureau of Prisons can and will assure the future protection of the public form further crimes by Ali.

      E.      Rehabilitation (18 U.S.C. § 3553(a)(2)(D))

As detailed above, Ali recognizes that he would benefit from the substance abuse treatment and counseling that will be available to him within the Bureau of Prisons. Ali understands that his continued sobriety is necessary for him to be rehabilitated into and to remain a productive member of society. A sentence not to exceed 144 months, and to include participation in established federal drug treatment programs within the Bureau of

Prisons, would be sufficient but not more than necessary to achieve the goal of the rehabilitation of this individual defendant, Abdallah Amer Ali.

F.  The Need to Avoid Unwarranted Sentencing Disparities Among Similarly Situated Defendants (18 U.S.C. § 3553(a)(6))

Abdallah Amer Ali's agreement calls for a sentence in excess of his determined sentencing guidelines but below what he would have faced had he proceeded to trial on the original charge brought against him. Based on this feature of the agreement and on Ali's individual situation, with his individual background and characteristics and within the limitations of the plea agreement, a sentence of incarceration of 144 months to include a recommendation allowing participation in established federal drug treatment programs within the Bureau of Prisons would be an appropriate sentence and would not result in any unwarranted sentencing disparity with regard to other defendants.

Abdallah Amer Ali does not intend to call any witnesses, but he will testify during his sentencing hearing.

Respectfully submitted this 31st day of October 2022.

ABDALLAH AMER ALI
By Counsel

_____
A. Gene Hart, Jr. (VSB No. 36813)
A. Gene Hart, Jr., P.C.
71 Court Square, Suite B
Harrisonburg, Virginia 22801
Tel:   (540) 434-9595
Fax:   (540) 564-0071
Email: genehartlaw@yahoo.com
Counsel for Defendant

CERTIFICATE

I hereby certify that on October 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_____
A. Gene Hart, Jr.